**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CHARLOTTE ANN MOOTY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00287-O** |
| | § | |
| **INTERACTIVE BROKERS GROUP,** | § | |
| **INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER OF DISMISSAL AND FINAL JUDGMENT

This Judgment is entered pursuant to Fed. R. Civ. P. 58(a).

On March 27, 2023, this Court ordered the parties to meet and confer regarding the contents of a scheduling order. Scheduling Order, ECF No. 4. The parties were to confer and file a joint status report no later than April 25, 2023. *Id.* As required, Defendant filed the requested status report, but noted that it could not—after six attempts—reach Plaintiff's attorney by email or phone and therefore could not confer regarding the proposed scheduling order. Status Report 1 n.1, ECF No. 5. On April 28, 2023, the Court ordered Plaintiff's counsel, Toby P. Tyler, Jr., to show cause, by filing a response on the docket, why he should not be sanctioned for failure to abide by an order of this Court. Plaintiff's counsel's response was due May 5, 2023. The docket reflects that Plaintiff's counsel has not responded and therefore not complied with the Court's order.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's

inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985).

Therefore, this action having come on for consideration by the Court, and the issues having been duly considered and a decision duly rendered,

It is **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.      This case is **DISMISSED without prejudice** for lack of prosecution and for failure to comply with a court order.

2.      The taxable costs of court, as calculated by the clerk of court, shall be borne by the party incurring the same.

**SO ORDERED** this **8th day** of **May, 2023**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

2